Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 N. Central Ave., 17th Floor
Glendale, CA 91203
Tel: 323.962.3777
Fax: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LERNA MAYS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., a Delaware Corporation and DOE ONE through and including DOE ONE-HUNDRED, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br> [*Class-Action and PAGA Complaint*] <br><br> 1.  Continuing Wages, Cal. Lab. Code §§ 201, 202 and 203 <br><br> 2.  Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a) <br><br> 3.  Failure to Provide Reporting Time Pay, IWC Wage Order 7 <br><br> 4.  Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.* <br><br> 5.  Failure to Provide Employment Records, Cal. Lab. Code § 226(b) <br><br> 6.  Failure to Provide Employment Records, Cal. Lab. Code § 1198.5 <br><br> 7.  Violation of the Private Attorneys General Act of 2004, California Labor Code §§ 2698 *et seq.* <br><br> **DEMAND FOR TRIAL BY JURY** |

Plaintiff Lerna Mays ("Mays") on behalf of herself as an individual, in her representative capacity on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq*., and as a proposed representative of a putative class, alleges as follows:

## INTRODUCTION

1.      This is a PAGA law enforcement action and class action seeking continuing wages, damages, penalties, civil penalties and attorneys' fees and costs, including such reasonable reimbursement of fees and costs as may be authorized by Section 218.5 of the California Labor Code or otherwise.  This Complaint asserts claims for violations of the California Labor Code; violations of Wage Order 7 of the Industrial Welfare Commission; violations of section 17200 *et seq.* of the California Business and Professions Code; and otherwise as hereinafter alleged.  The alleged violations include failure to pay wages upon termination of employment, wage statement violations, and unfair competition, among other claims.

2.      The California Labor Code requires employers to provide to its employees, among other things, itemized wage statements, and prompt payment of wages upon termination.  Defendants Wal-Mart Stores, Inc., ("Wal-Mart" or "Defendant") and Doe One through and including Doe One-Hundred failed to comply with the California Labor Code requirements.  Accordingly, Plaintiff seeks civil penalties on behalf of the State of California and the LWDA, to be shared with all impacted employees, all in accord with the extant statutory scheme.

3.      Wal-Mart has and continues to employ tens of thousands of non-exempt employees who perform a variety of duties throughout California.  Plaintiff is bringing this action against Defendant on behalf of all non-exempt persons employed by Wal-Mart from the period of four years prior to the filing of the initial Complaint, to the date of mailing of the class notice (collectively, these employees are the "Aggrieved Employees").  Plaintiff is also bringing this action under PAGA on behalf of all

Aggrieved Employees from the period of one year prior to giving notice to the LWDA of Defendant's violations to date.

4.    Due to the illegal employment practices as more fully described herein, Plaintiff, in her representative capacity, seeks civil penalties on behalf of herself and other Aggrieved Employees pursuant to PAGA, against all Defendants.

5.    Defendant has had a consistent policy and/or practice of: (1) failing to pay timely its Aggrieved Employees with all wages due upon termination; (2) knowingly and intentionally failing to furnish timely the proper itemized wage statements to Aggrieved Employees; and (3) failing to pay reporting-time pay.

## JURISDICTION AND VENUE

6.    Jurisdiction is proper under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5 million and Plaintiff is a citizen of California while Defendant is a corporation incorporated under the laws of the State of Delaware, and with its principal place of business in Arkansas.

7.    Venue as to Defendant Wal-Mart is proper in this judicial district, pursuant to 28 U.S.C section 1391(b)(2).  Wal-Mart maintains an office, transacts business, has an agent or is otherwise found in the State of California and the District and Division in which this case is filed and is within the jurisdiction of this court for the purpose of service of process.  The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

8.    This Court has jurisdiction over Wal-Mart because, upon information and belief, Defendant is either a resident of California, has minimum contacts in California, or otherwise intentionally avails itself of the protections of California so as to render California's exercise of jurisdiction over Defendant Wal-Mart consistent with traditional notions of fair play and substantial justice.

## PARTIES

9.    Lerna Mays is an individual who, during the time periods relevant to this Complaint, was employed by Wal-Mart within the State of California.

10.     Wal-Mart Stores, Inc. was and is a Delaware corporation doing business within the State of California and having a principal place of business within the State of California.  Wal-Mart Stores, Inc.'s corporate headquarters are located in Bentonville, Arkansas.  Wal-Mart Associates, Inc. is merely engaged in the business of processing payroll for Wal-Mart Stores, Inc. Wal-Mart Associates, Inc. was and is a Delaware corporation doing business within the State of California and having a principal place of business in Bentonville, Arkansas.

11.     Defendants Doe One through and including Doe One-Hundred are sued herein under the provisions of section 474 of the California Code of Civil Procedure. Mays is unaware of the true names, identities, or capacities, whether corporate, individual, or otherwise, of said fictitiously named Defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained.  Mays is informed, believes, and thereupon alleges that each of the fictitiously named Defendants is an entity that, during the relevant time period, maintained a principal place of business in the County of Los Angeles, State of California, and that each of the said fictitiously named Defendants is legally responsible for the damages hereinafter more particularly alleged.

## **GENERAL ALLEGATIONS**

12.     Wal-Mart Stores, Inc. employed Mays as an hourly employee, providing her with vacation pay which should have been paid to her at termination, all in accord with the provisions of section 227.3 of the California Labor Code ("Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.")  Nevertheless, Plaintiff and others were not timely paid all accrued vacation pay at termination, all giving rise to a right to continuing wages under section 203 of the California Labor Code.

13.     Mays was terminated on or about February 10, 2017 but was not paid her full and final wages until many days later.  She was subsequently paid on other, later days, including on or about February 22, 2017 in the amount of $175.32 and again later on March 8, 2017 for $23.78.  Upon information and belief, Wal-Mart also failed to pay timely other non-exempt employees ("Aggrieved Employees") who quit or are discharged by Wal-Mart all wages due and owing as required by sections 201, 202 and 203 of the Labor Code.

14.     Wal-Mart's policy is to devote minimal resources to the payroll accounting function with the result that in practice its former employees are routinely not paid all final wages owing to them in timely fashion.

15.     When Mays received her final wage statement, Wal-Mart failed to include certain required information, including but not limited to, the inclusive dates of the pay period, all accumulated pay in the employee's final pay statement, or the name and legal address of the employer, Wal-Mart Stores, Inc.  On information and belief, Wal-Mart failed to include required information on the wage statements of other Aggrieved Employees as well, both on the final pay statement and otherwise.  Further, Plaintiff and other Aggrieved Employees were not provided compliant wage statements when other tardy payments were made to them, after their employ with Defendant had terminated.

16.     Mays had vacation time accrued but was not paid for such time at the termination of her employment.  Upon information and belief, other Aggrieved Employees were not paid their accrued vacation time upon resignation or discharge as well.

17.     Upon information and belief, on her final day of work, Mays reported to work but was sent home early without being paid proper reporting-time pay.  Upon information and belief, Wal-Mart also failed to pay other Aggrieved Employees for reporting time pay owed to them.

18.     At all relevant times herein, section 201 of the California Labor Code has stated that, "[i]f an employer discharges an employee, the wages earned and unpaid at the

time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). Similarly, section 202 of the Labor Code has stated that, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a).

19.    According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[ or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Id. § 203(a).

20.    At all relevant times herein, section 227.3 of the California Labor Code has stated:

> [W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served . . . .

Id. § 227.3.

21.    Wal-Mart did not compensate Mays and Aggrieved Employees as required by sections 201 through 203 of the Labor Code, nor did Wal-Mart compensate them as required by section 227.3 of the Labor Code.

22.    Mays is informed, believes, and thereupon alleges that, in addition to failing to pay her all wages due and owing upon the end of her employment, Wal-Mart has failed to pay its quitting and/or discharged Aggrieved Employees as required by sections 201 through 203 of the Labor Code. Specifically, Wal-Mart's policy and practice is to pay its quitting and discharged Aggrieved Employees in tardy fashion, not on the date that the

Aggrieved Employee quits or is terminated, but rather on a subsequent date, after Wal-Mart's underfunded payroll department assembles the data required to make the accrued payments.  Furthermore, Wal-Mart failed to pay on time its resigning and discharged Aggrieved Employees all accrued vacation pay.

23.    With respect to reporting time pay, Industrial Welfare Commission Wage Order 7, provided, in relevant part:

5. **REPORTING TIME PAY**

(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

. . .

7. **RECORDS**

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

8 Cal. Code Regs. § 11070. California's Industrial Welfare Commission Wage Orders provide expansive protection to hourly workers.

24.    At all relevant times mentioned herein, section 1198 of the California Labor Code provided:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198. Section 1198 refers to "conditions of labor prohibited by the order [of the IWC]" and therefore incorporates by reference Wage Order Number 7 of the IWC. Mays was scheduled to work but was sent home without completing more than half of her regularly scheduled shift. By failing to pay Mays for her hours of reporting-time pay, Defendant violated section 1198 by employing Plaintiff "under conditions of labor prohibited by the order." Cal. Lab. Code § 1198.

25.    At all times relevant herein, section 204 of the California Labor Code provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer

1    as the regular paydays. Labor performed between the 1st and 15th days,

2    inclusive, of any calendar month shall be paid for between the 16th and the

3    26th day of the month during which the labor was performed, and labor

4    performed between the 16th and the last day, inclusive, of any calendar

5    month, shall be paid for between the 1st and 10th day of the following

6    month.

7    Cal. Lab. Code § 204. Wal-Mart did not compensate Mays and Aggrieved Employees by

8    timely paying all earned wages, in violation of section 204 of the Labor Code.

9        26.    In addition to failing to pay Plaintiff and the Aggrieved Employees on the

10   date contemplated by sections 201 through 203 of the Labor Code, Wal-Mart failed to

11   provide Plaintiff and the Aggrieved Employees pay stubs that contain all of the

12   information required by section 226 of the Labor Code.  Section 226 states:

13       Every employer shall, semimonthly or at the time of each payment of wages,

14       furnish each of his or her employees, either as a detachable part of the check,

15       draft, or voucher paying the employee's wages, or separately when wages

16       are paid by personal check or cash, an accurate itemized statement in writing

17       showing (1) gross wages earned, (2) total hours worked by the employee,

18       except for any employee whose compensation is solely based on a salary and

19       who is exempt from payment of overtime under subdivision (a) of Section

20       515 or any applicable order of the Industrial Welfare Commission, (3) the

21       number of piece-rate units earned and any applicable piece rate if the

22       employee is paid on a piece-rate basis, (4) all deductions, provided that all

23       deductions made on written orders of the employee may be aggregated and

24       shown as one item, (5) net wages earned, (6) the inclusive dates of the

25       period for which the employee is paid, (7) the name of the employee and his

26       or her social security number, except that by January 1, 2008, only the last

27       four digits of his or her social security number or an employee identification

28       number other than a social security number may be shown on the itemized

statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Cal. Lab. Code § 226(a).  Mays's pay stub demonstrates that Wal-Mart fails to include the data required by section 226(a), including but not limited to the "inclusive dates of the period for which the employee is paid," all accumulated vacation pay earned in the employee's final pay statement, and the name and address of the entity that is the employer.

27.    Mays's employer was Wal-Mart Stores, Inc, see e.g., Exhibit 3 showing Wal-Mart Stores, Inc. as the employer in Mays's application in 2007; Exhibit 4 showing Wal-Mart Stores, Inc. as the employer in 2016 in her promotion papers; and Exhibit 5 showing Wal-Mart Stores, Inc. as the employer at the time she was terminated in February 2017.  Nevertheless, her final wage statement incorrectly shows Wal-Mart Associates, Inc. as the employer.  Exhibit 1, Mays's final wage statement.

28.    At all times relevant herein, sections 226 (b), (c), and (f) of the California Labor Code further provided in part:

(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

. . .

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

. . .

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or

1   former employee or the Labor Commissioner to recover a seven-hundred-fifty-
2   dollar ($750) penalty from the employer.

3   29.   On March 17, 2017 Plaintiff requested her employment records from Wal-
4   Mart but it failed to provide the records within the time period required by section 226(c).

5   30.   At all times relevant herein, section 1198.5 of the California Labor Code
6   provided in part:

7   (a) Every current and former employee, or his or her representative, has the right to
8   inspect and receive a copy of the personnel records that the employer maintains
9   relating to the employee's performance or to any grievance concerning the
10   employee.

11   (b) (1) The employer shall make the contents of those personnel records available
12   for inspection to the current or former employee, or his or her representative, at
13   reasonable intervals and at reasonable times, but not later than 30 calendar days
14   from the date the employer receives a written request . . .

15   31.   On March 17, 2017 Plaintiff requested her employment records from
16   Defendant but it failed to provide complete records within the time periods required by
17   section 1198.5(b)(1).

18   **PLAINTIFF'S CLASS-ACTION ALLEGATIONS**

19   32.   The Class represented by Mays consists of all individuals who received a
20   pay stub from Wal-Mart in the State of California at any time during the four years before
21   the filing of the Complaint to the date of mailing of the class notice filing a motion for
22   certification (the "Class" and the members are "Class Members").

23   33.   The number of persons within the Class is great, believed to be in excess of
24   ten thousand.  It is therefore impractical to join each Class Member as a named plaintiff.
25   Accordingly, the utilization of a class action is the most economically feasible means of
26   determining the merits of this litigation.

27   34.   Despite the numerosity of the Members of the Class, membership within it is
28   readily ascertainable through an examination of the records that Wal-Mart is required by

law to keep and that it has kept.  Likewise, the dollar amounts owed to Mays and Class Members are readily ascertainable by an examination of the same records.  For example, with respect to Defendant's violations of section 226(a)(8) of the California Labor Code, the damages owing to each Class Member equals the sum of $50 (for the initial wage statement issued to the employee during the period commencing one year prior to the filing of the Complaint) and the product of the number of further wage statements issued to the employee and $100, with a per employee cap of $4,000.

35.    The Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each Class Member.

36.    There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member, namely, (a) Whether such Class Member as an employee of Wal-Mart within California was paid proper reporting time pay; (b) Whether such Class Member discharged by Wal-Mart or did such Class Member quit his or her employment with Wal-Mart; (c) Whether such Class Member paid his or her wages at the time of discharge or quitting, as provided for by sections 201, 202, and 203 227.3 of the Labor Code; (d) Whether each Class Member received proper wage statements; and (e) Whether Wal-Mart's failure to show all accumulated vacation pay earned in the employee's final pay statement, failure to show the "inclusive dates of the of the period for which the employee is paid," or failure to list the legal name and address of the employer constitutes a violation of section 226.

37.    Mays's claims are typical of the claims of Class Members, which all arise out of the same general operative facts, namely, that Wal-Mart has a policy and practice of devoting such insufficient funds to the payroll accounting function that it routinely fails to pay its discharged and quitting employees according to the timing rules in sections 201 and 202 of the Labor Code, that Wal-Mart's pay stubs fail to include all of the information required by the Labor Code, and that Wal-Mart does not pay proper reporting-time pay.  Mays has no conflict of interest with Class Members, and she is able to represent their interests fairly and adequately.

38.     A class action is a far-superior method for the fair and efficient adjudication of this controversy for a number of reasons.  First, the persons within the Class are numerous, and joinder of all of them is impractical.  Second, the disposition of all Class Members' claims in a single class action rather than in individual actions will benefit both the parties and the Court.  In that regard, the claims of each individual Class Member are too small to litigate individually, and the commencement of thousands pf separate actions would lead to an undue burden on scarce judicial and administrative resources.  The alternative of individual proceedings before California's Labor Commissioner is impractical inasmuch as that agency has insufficient resources to process such claims promptly, and, under the provisions of California Labor Code section 98.2, if the individual Class Members were to succeed in obtaining awards in their favor, such awards would be appealable as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  In addition, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims, and individual Class Members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery.  As a practical matter, denial of class treatment will lead to denial of recovery to the individual Class Members.

39.     The interest of each Class Member in controlling the prosecution of his or her individual claim against Wal-Mart is small when compared with the efficiency of a class action.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

40.     On or about June 14, 2017, Plaintiff gave written notice by certified mail and online filing of Defendant's violations of various provisions of the California Labor Code as alleged in this Complaint to the Labor and Workforce Development Agency ("LWDA") and Defendant.  Letter from Alan Harris to the LWDA and Defendant (June 14, 2017) attached hereto as Exhibit 2.

41.     More than sixty-five days have passed from the date of Plaintiff's notice to

the LWDA and Plaintiff has not been notified by the LWDA that it intends to investigate Plaintiff's allegations.  Therefore, pursuant to section 2699.3(a)(2)(A), Plaintiff "may commence a civil action pursuant to Section 2699."  Cal. Lab. Code § 2699.3(a)(2)(A).

42.    Plaintiff is informed and believes and thereon alleges that Defendant has routinely failed to provide Plaintiff and other Aggrieved Employees with the prompt payment of wages and vacation pay upon termination of employment, reporting time pay, and proper itemized wage statements.

43.    Plaintiff alleges that Defendant violated PAGA in the following ways: (1) failing to timely pay all wages in violation of Labor Code §§ 201, 202, 203, 204, and 227.3; (2) willfully failing to provide Aggrieved Employees with proper itemized wage statements in violation of Labor Code § 226(a); (3) failing to pay proper reporting-time pay under Labor Code § 1198 and Wage Order 7; and (4) failing to timely and properly respond to Labor Code section 226(b) and 1198.5 requests for employment records. "PAGA actions can serve to *indirectly* enforce certain wage order provisions by enforcing *statutes* that require compliance with wage orders (e.g., § 1198, which prohibits longer work hours than those fixed by wage order or employment under conditions prohibited by a wage order)." Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal. App. 4th 1112, 1132 (2012).

## FIRST CAUSE OF ACTION
Continuing Wages, Cal. Lab. Code §§ 201, 202, 203, 227.3
(On Behalf of Plaintiff Individually and the Class Against All Defendants)

44.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every paragraph set forth in this Complaint.

45.    Section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

1  Cal. Lab. Code § 203(a).

2  46.   Wal-Mart did not compensate Mays and Class Members as required by

3  sections 201 through 203 of the Labor Code, as she should have been paid all earned

4  wages on February 10, 2017.  Instead, she was not paid until much later.  In addition,

5  Wal-Mart did not pay Mays's accrued vacation pay.  In like regard, Wal-Mart has not

6  compensated its other discharged and quitting employees as required by sections 201

7  through 203 and 227.3 of the Labor Code.

8  47.   Wal-Mart's failure to compensate Mays and Class Members within the time

9  provided by sections 201 and 202 of the Labor Code, despite knowledge of its obligation

10  to do so, was "willful" as the word is used in section 203 of the Labor Code.

11  48.   Mays and Class Members are, accordingly, entitled to continuing wages

12  from Wal-Mart in an amount to be determined by proof.  Plaintiff is also entitled to

13  recover costs and reasonable attorneys' fees under section 218.5 of the California Labor

14  Code.

## SECOND CAUSE OF ACTION
Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a)
(On Behalf of Plaintiff Individually and the Class Against All Defendants)

17  49.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

18  paragraph set forth in this Complaint.

19  50.   Section 226 of the Labor Code states:

20  An employee suffering injury as a result of a knowing and intentional failure

21  by an employer to comply with subdivision (a) is entitled to recover the

22  greater of all actual damages or fifty dollars ($50) for the initial pay period

23  in which a violation occurs and one hundred dollars ($100) per employee for

24  each violation in a subsequent pay period, not exceeding an aggregate

25  penalty of four thousand dollars ($4,000), and is entitled to an award of costs

26  and reasonable attorney's fees.

27  Id. § 226(e).

28

51.     Wal-Mart failed to provide Mays and Class Members with pay stubs conforming to the requirements of section 226(a) of the Labor Code by failing to always designate "inclusive dates of the period for which the employee is paid," failure to show all accumulated vacation pay earned in the employee's final pay statement, or the name and address of the legal entity that is the employer.

52.     According to Mays's employment records, the employer is Wal-Mart Stores, Inc. but her wage statements, and those issued to other Aggrieved Employees, incorrectly lists Wal-Mart Associates, Inc. as the employer.  See, e.g., Exhibit 3 showing Wal-Mart Stores, Inc. as the employer in Mays's application in 2007; Exhibit 4 showing Wal-Mart Stores, Inc. as the employer in 2016 in her promotion papers; and Exhibit 5 showing Wal-Mart Stores, Inc. as the employer at the time she was terminated in February 2017. Accordingly, Mays and Class Members are entitled to damages, to costs, and to reasonable attorney's fees in accordance with the provisions of Labor Code section 226(e).  Plaintiff was not employed by Wal-Mart Associates, Inc., an entity which merely was engaged in the business of "Payroll Processing," as detailed by it on the Statement of Information filed by it with the Secretary of State of the State of California on September 8, 2017 (Exhibit 6), and on August 30, 2016 (Exhibit 7).

## THIRD CAUSE OF ACTION

Failure to Pay Reporting Time Wages, Cal. Lab. Code §§ 204 and 1198, and Industrial Welfare Commission Wage Order 7

(On Behalf of Plaintiff Individually and the Class Against All Defendants)

53.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

54.     Mays was not paid her reporting time wages as required by sections 204 and 1198 of the California Labor Code and Industrial Welfare Commission Wage Order 7. Upon information and belief, Mays was not compensated for reporting-time pay when, for example, she came in to work but was sent home without completing more than half of her shift.

55.    Plaintiff and Class Members who were not paid their reporting time wages are entitled to payment of same, along with interest, costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

### FOURTH CAUSE OF ACTION
Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 *et seq.*
(On Behalf of Plaintiff Individually and the Class Against All Defendants)

56.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every paragraph set forth in this Complaint.

57.    Mays is suing both in her individual capacity and on behalf of the general public, and she is a proper representative plaintiff because she has suffered direct harm from the illegal business practices herein alleged.

58.    Beginning at an exact date unknown to Mays, Wal-Mart has committed acts of unlawful, unfair, and/or fraudulent business practices as defined in California Business and Professions Code section 17200 *et seq.* by failing to pay its quitting and discharged employees in accordance with sections 201, 202, 203, 204, and 227.3 of the Labor Code, by failing to pay employees reporting time to which they are entitled and by providing pay-stubs that do not provide all of the data required by section 226 of the Labor Code.

59.    The acts and practices as described in the paragraph above violate Business and Professions Code section 17200 *et seq.* in the following respects:

(a)    Wal-Mart's policy and practice of failing to pay its discharged and quitting employees at the time of termination all earned wages violates sections 201, 202, 203, and 227.3 of the Labor Code and, consequently, constitutes an unlawful business act or practice within the meaning of section 17200 *et seq.*;

(b)    Wal-Mart's policy and practice of failing to provide all required data on its pay stubs violates section 226 of the California Labor Code and, consequently, constitutes an unlawful business act or practice within the meaning of 17200 *et seq.*

(c)     Wal-Mart's policy and practice of failing to pay reporting-time pay upon as required by Wage Order 7 and Labor Code §§ 204 and 1198, constitutes an unlawful business act or practice within the meaning of 17200 *et seq.*

60.     Under section 17200 *et seq.*, this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Wal-Mart through its unlawful and unfair business practices.  Cal. Bus. & Prof. Code § 17203.

61.     Mays and Class Members are, therefore, entitled to a judgment of this Court requiring Wal-Mart to pay both the wages and the continuing wages to which such individuals were and are entitled but which have been denied them by reason of Wal-Mart's conduct alleged herein.  In other words, Wal-Mart's employees are entitled to restitution of the wages and continuing wages improperly withheld by Wal-Mart, as such funds should be distributed to the individuals who are rightfully entitled to such monies.

62.     Mays is a proper person to bring this litigation as a "representative action" to compel restitution.  She is a person who has suffered damage as a result of the unlawful actions of Wal-Mart herein alleged.  The actions of Wal-Mart herein alleged are in violation of statute and are in contravention of established public policy, and, accordingly, a court order compelling Wal-Mart to cease and desist from such actions and to make restitution is a vindication of an important public right.  The extent to which Wal-Mart has been unjustly enriched as a result of its unlawful and unfair business practices is a matter that can be ascertained by an examination of the payroll and accounting records that Wal-Mart is required by law to keep and maintain and that Wal-Mart has kept and maintained.

63.     The identity of the persons to whom restitution should be made is a matter that can be ascertained from those records that Wal-Mart is required by law to keep and maintain and that Wal-Mart has kept and maintained.

64.     Mays's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether

pecuniary or nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5.  Moreover, because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," id., Mays requests that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

65.    In addition, Mays and Class Members have no plain, speedy, or adequate remedy at law, inasmuch as Wal-Mart, unless enjoined by an order of this Court, will continue to violate systematically the provisions of sections 201, 202, 203, 204, 227.3, and 226 of the California Labor Code.

66.    Accordingly, injunctive relief is proper and necessary pursuant to section 17203 of the California Business and Professions Code.

67.    Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

## FIFTH CAUSE OF ACTION
Failure to Provide Employment Records Upon Request Cal. Lab. Code § 226(b)
(On Behalf of Plaintiff Individually Against All Defendants)

68.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

69.    Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

70.    Plaintiff requested that Defendant permit inspection or copying of their employment records pursuant to Labor Code section 226(b).  Defendant has failed to provide Plaintiff with an opportunity to inspect or copy her employment records within 21 days of her request.

71.    Pursuant to Labor Code Section 226(f), Plaintiff is entitled, and hereby seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty for each violation, reasonable attorney's fees, and the costs of bringing this cause of action.

## SIXTH CAUSE OF ACTION
Failure to Provide Employment Records Upon Request Cal. Lab. Code § 1198.5
(On Behalf of Plaintiff Individually Against All Defendants)

72.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

73.    Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

74.    Plaintiff has requested that Defendant permit inspection or copying of his employment records pursuant to Labor Code section 1198.5.  Defendant failed to provide Plaintiff with complete records.

75.    Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendant a seven-hundred-fifty dollar ($750) penalty for each violation, reasonable attorney's fees, and the costs of bringing this cause of action.

## SEVENTH CAUSE OF ACTION
Civil Penalties, Cal. Lab. Code §§ 2698 et seq.
(On behalf of Plaintiff, the State of California and and on behalf of the Aggrieved Employees
Against Defendant Wal-Mart)

76.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

77.    Plaintiff is an "aggrieved employee" under PAGA, as she was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violations set forth herein.  Accordingly, she seeks to recover on behalf of herself and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs.

78.     Pursuant to section 2699.3(a)(1) of the Labor Code, on June 14, 2017, Plaintiff gave written notice to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendant, including the theories set forth in this Complaint.  Also on that day, Plaintiff gave written notice by certified mail to Defendant of the specific provisions of the Labor Code alleged to have been violated by Defendant.

79.     More than sixty-five days have passed from the date of Plaintiff's notice to the LWDA and Plaintiff has not been notified by the LWDA that it intends to investigate Plaintiff's allegations.  Therefore, Plaintiff, pursuant to section 2699.3(a)(2)(A), "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

80.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

81.     Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

    a.  Failure to provide itemized wage statements to Aggrieved Employees in violation of Labor Code § 226(a), not even identifying the legal name and address of the employer;

    b.  Failure to timely pay all wages due to Aggrieved Employees in violation of Labor Code §§ 201, 202, 203 and 227.3.

    c.  Failure to pay reporting-time pay in violation of Labor Code §§ 204 and 1198.

    d.  Failure to provide employment records in violation of Labor Code § 226(b).

    e.  Failure to provide employment records in violation of Labor Code § 1198.5.

82.     Labor Code §§ 2699 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided, including the applicable Wage Order.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That the Court certify the proposed Class.

2. With respect to the First Cause of Action, that it be adjudged that the failure of Defendant to make payments of wages in accordance with sections 201, 202, 203, and 227.3 of the Labor Code was and is "willful" as that word is used in section 203 of the Labor Code and that the Court award Plaintiff and Class Members continuing wages for up to thirty days, as well as attorney's fees and costs pursuant to section 218.5 of the Labor Code.

3. With respect to the Second Cause of Action, that the Court enter judgment in favor of Plaintiff and Class Members in an amount to be established by proof, as well as costs and attorney's fees, in accordance with section 226(e) of the Labor Code.

4. With respect to the Third Cause of Action, it be adjudged that the failure of Defendant to make payment of Plaintiff and Class Members' reporting time wages was in violation of sections 204 and 1198 and Industrial Welfare Commission Wage Order 7 and entitles Plaintiff to a judgment against Defendant in the amount according to proof, interest, and attorneys' fees and costs pursuant to section 218.5 of the Labor Code.

5. With respect to the Fourth Cause of Action, that it be adjudged that the failure of Defendant to make payments of wages in accordance with sections 201, 202, 203, 204, 227.3 and 1198 of the Labor Code and Industrial Welfare Commission Wage Order 7 violated section 17200 *et seq*. of the Business and Professions Code. Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the wages and continuing wages unlawfully retained by Defendant, with interest.  Finally, Plaintiff requests that the Court award her reasonable attorney's fees and costs incurred in the prosecution of the fourth cause of action pursuant to section 1021.5 of the Code of Civil Procedure.

6. With respect to the Fifth Cause of Action, that this Court award Plaintiff $750 and reasonable attorneys' fees and costs pursuant to Labor Code sections 226(f).

7. With respect to the Sixth Cause of Action, that this Court award Plaintiff $750 and reasonable attorneys' fees and costs pursuant to Labor Code section 1198.5(k).

8. With respect to the Seventh Cause of Action, that this Court award Plaintiff and other Aggrieved Employees their civil penalties, attorneys' fees, and costs of suit, all according to proof, pursuant to Labor Code Section 2698, *et seq.*

9. For such other and further relief as this Court may deem fit and proper.

10. Plaintiff demands a trial by jury as to all causes of action.

DATED: December 18, 2017                    HARRIS & RUBLE


                                            */s/ Alan Harris*
                                            Alan Harris
                                            *Attorney for Plaintiff*

## **Index to Exhibits**

**Exhibit 1 –** Plaintiff's Final Wage Statement.

**Exhibit 2 –** PAGA Notice to LWDA and Employer.

**Exhibit 3** – Plaintiff's Wal-Mart Stores, Inc. application in 2007.

**Exhibit 4** – Plaintiff's papers related to a promotion with Wal-Mart Stores, Inc. in 2016.

**Exhibit 5** – Plaintiff's separation papers showing Wal-Mart Stores, Inc. as the employer.

**Exhibit 6** – Wal-Mart Associates, Inc. Statement of Information as filed with the California Secretary of State, dated September 8, 2017.

**Exhibit 7** – Wal-Mart Associates, Inc. Statement of Information as filed with the California Secretary of State, dated August 30, 2016.

COMPLAINT